Griffin vs. McKenzie.

No. 30.—SALLY GRIFFIN, assignee, plaintiff in error, vs. HENRY McKENZIE and another, defendants.

[1.] Seven years peaceable possession of land *since* 1822, by a *bona fide* purchaser, without actual notice of a judgment against the vendor, will protect the purchaser against the lien of a judgment obtained prior to the Act of 1822.

[2.] It is competent for the Legislature of a State to pass Statutes of Limitation, prescribing the time (provided it be not so unreasonable as to amount to a deprivation of the right,) within which judgments and all other contracts shall be enforced; there being a difference between the *obligation* of a contract, which, under the Constitution of the United States, cannot be impaired, and the remedy to enforce it, which generally may be left to the sound discretion of the Legislature.

Levy and Claim, in Lee Superior Court. Tried before Judge WARREN, May Term, 1849.

On the 12th March, 1822, a *fi. fa.* issued from Wilkes Superior Court, in favor of plaintiff in error, against Mary Sherburn and Charles Sherburn. On the 30th April, 1849, this *fi. fa.* was levied on a tract of land in Lee County, which was claimed by the defendants in error. On the trial, plaintiff in *fi. fa.* read in evidence a grant from the State to Charles Sherburn for the lot in dispute, dated 29th October, 1836.

The claimant showed a chain of title from Sherburn to himself, and peaceable possession under the same, without notice, for more than seven years.

The only questions made in the Court below, and argued in this Court are, whether the Act of 19th December, 1822, which protects the title of a *bona fide purchaser*, without notice, from a defendant in execution, after a definite period of time, can have a retroactive operation on judgments obtained before that Act. And whether, without that Act, the claimant is protected under the general Act of Limitations of 1767.

W. A. HAWKINS, for plaintiff in error, contended—

1. That all judgments in Georgia, obtained since the 19th December, 1822, run and remain open and of full force and virtue,

till satisfied. *Prince's Dig.* 436. *Booth vs. Williams,* 2 *Kelly,* 253, '4.

2. That said lien perpetually binds all the property of the defendant, whether in his or in the hands of purchasers, and the record is constructive notice to the world. *Prince's Dig.* 436. *Booth vs. Williams,* 2 *Kelly,* 253, '4. *Robert Forsenth vs. Horatio Marbury, R. M. Charlton's Rep.* 330, '1.

3. That the Act of 19th December, 1822, which protects the property of the debtor from levy under a judgment, when such property has been, for a definite period of time, in peaceable possession of the purchaser, for a valuable consideration, and without actual notice of such judgment, refers only to levies made upon judgments obtained since its passage. *Prince's Dig.* 451, '2. *Dawson's Compilation,* 214. *Blackstone's Com. top page,* 31, 46. 1 *Kent's Com.* 1 *ed.* 454, *et seq.* 3 *Story's Com. Con. U. S. Dash vs. Van Kleeck,* 7 *John. R.* 500, '7. 1 *Thomas' Coke,* 26 *m,* 20. *Wilder vs. Lumpkin,* 4 *Kelly and Cobb,* (*Ga.*) 211.

4. That the Legislature cannot pass a law to act retrospectively, so as to impair the obligation of a contract, being in violation of the Constitution of the United States. *Sturgis vs. Crowningshield,* 4 *Wheaton,* 197. 1 *Kent's Com.* 413, '14, 420, '21. 3 *Story's Com. on the Con.* $\frac{3}{3}$ *U. S.* 250. 8 *Mass. Rep.* 423. *Robert Forsenth vs. Horatio Marbury, R. M. C.* 324. 1 *Art.* §10, *Con. U. S. Cobb,* 735. *Wilder vs. Lumpkin,* 4 *Kelly & Cobb,* 218.

5. That said Act cannot retrospect so as to divest a vested right. 1 *Kent's Com.* 455, '6. 3 *Story's Com. on Con. U. S.* 268. *R. M. Charlton's R.* 331, '2. *Wilder vs. Lumpkin,* 4 *Kelly & Cobb,* 218.

E. R. Brown, for defendant in error.

1. Seven years actual possession of land under color of title, gives "*an indefeasible title—one that is not only sufficient for protection, but also for recovery against all the world.*" 5 *Geo. R. Johnson et al. vs. Lancaster,* 45.

2. If the claimant is not protected by the Act of 1767, against the lien of a *fi. fa.* issued before the 23d of December, 1822, still he may repose in confidence on the Act of the latter date. It is a Statute of Limitations, and protects real property from levy and sale, after seven years' possession, without actual no-

Griffin *vs.* McKenzie.

tice.	There is no Constitutional difficulty in applying the Statute to the case under consideration ; the Statute only affects the remedy, and does not impair the obligation of contracts. *Jackson vs. Lampkin,* 3 *Peters' R.* 280. *Bronson vs. McKinzie,* 1 *How.* (*S. C. U. S.*) 311. *Story's Com. on the Con.* 3 *vol.* 250. 16 *Mass. Rep.* 245. 1 *Kent's Com.* 454.

3. The claimant's land may be protected under the last named Act, without giving the Act a retrospective *operation*—as every act the Statute requires to perfect the claimant's title, occurred since the passage of the Statute—1, the purchase for a valuable consideration ; 2, without actual notice of the judgment ; 3, a peaceable possession for seven years ; 4, there being no levy during the said time. No law is restrospective unless it " *is to have an operation before the making thereof—as to commence at an antecedent time,*" which is not the case here. *Calder vs. Bull,* 3 *Dall.* 386.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The Legislature, in 1822, passed an Act, in which it was declared, " That all judgments that *have* or may be rendered in any of the Courts of this State, on which no execution shall be sued out, or on which no return shall be made on the execution within seven years from the date of the judgment, shall be void and of no effect." *Dawson's Compilation,* 209.

This was the *third* section. It was further enacted by the *fourth* section, " That no judgment should be enforced by the sale of any real or personal estate which the defendant may have sold and conveyed to a purchaser for a valuable consideration, and without actual notice of such judgment ; *Provided* such purchaser, or those claiming under him, by such sale and conveyance, have been in peaceable possession of such real estate for seven years, and of such personal estate four years, before the levy shall have been made thereon." *Ibid.*

Will land which has been in the peaceable possession of the purchaser for a valuable consideration, without notice of the judgment, for thirteen years, under title from the defendant in execution, be protected under the fourth section of the Act of 1822, against a judgment rendered prior to its passage ?

If a text or pretext were wanting to write a *book,* a more pro-

Griffin *vs.* McKenzie.

lific theme could not be desired than the subject of *retrospective Statutes.* We shall forego the temptation, and simply announce the judgment of this Court upon this vexed question.

The Superior Courts of the State having, under the *third* section of the Act of 1822, declared judgments and executions void, on which no return had been made for seven years preceding that date, the General Assembly, in 1823, repealed *this section,* and reversed the decision, by asserting that the judgments and executions thus pronounced void, were in as full force and effect as though the Act of 1822 had not been passed. · *Dawson's Compilation,* 214.

The fourth section of the Act, however, was left untouched; and it is under this that the present controversy arises.

[2.] And we are of the opinion that there is nothing to prevent the Legislature from fixing a time within which an existing judgment shall be enforced, as well as to pass any other Act of Limitations. Private justice, as well as public policy, authorize a period to be prescribed, to commence *in futuro,* in which rights shall be enforced, and to withhold the remedy after the lapse of the appointed time. And this is no violation of the provision in the Constitution of the United States, which guards and protects the sacredness of contracts. The obligation of a contract is one thing—the remedy to enforce it, another. And while the former cannot be impaired, the latter may generally be left to the sound discretion of the Legislature. 3 *Dallas' (Penn.) R.* 386. 7 *John. R.* 447. 2 *Gallis' Cir. Ct. R.* 105. 4 *Wheat. R.* 122. 12 *Wheat. R.* 349. 3 *Peters' R.* 280.

As was very properly remarked by the Court in the case last cited, cases may occur where the provisions of the law may be so unreasonable as to amount to a denial of a right, and to call for the interposition of the Courts. Such, however, is not the one under consideration. We think seven years a reasonable time within which a judgment lien on land should be enforced; and that after the lapse of that period, a *bona fide* purchaser from the defendant should be protected.

Finding no error in the judgment of the Superior Court, it is affirmed.