Knight, administrator, *vs.* Lasseter, administrator.

No. 21.—WILLIAM KNIGHT, administrator *de bonis non*, *cum testamento*, of Charles Knight, plaintiff in error, *vs.* WILLIAM LASSETER, administrator of Solomon Lasseter.

[1.] The Act of December 27th, 1845, gives to an administrator, *de bonis non, cum testamento annexo*, obtaining his letters previous to that Act, the right to call an administrator *de bonis non*, of the deceased executor on the same estate, to an account, as to property sold by the deceased executor, and converted into cash and notes ; and such Act, operating as it does, only on the remedy, though retrospective, is not unconstitutional.

[2.] The Act cannot be said to divest the legatees and creditors, of their right to call the executor, or his representative, to an account, as it gives to the administrator *de bonis non, &c.*, a right coincident with and not hostile to their interests, and intended to be exercised for their benefit and advantage.

In Equity, in Pike Superior Court. Tried before Judge STARKE, April Term, 1854.

In 1838, Chas. Knight died, leaving a will, and thereby appointing Solomon Lasseter his executor who proved the will, and was duly qualified as such executor, and took the estate into possession. In 1840, Solomon Lasseter died intestate, and Martha Lasseter was appointed administratrix on his estate. She subsequently intermarried with James A. Smith, who, by virtue of such intermarriage, reduced the whole of the estate of Charles Knight, deceased, to possession. After the intermarriage of Smith and Mrs. Lasseter, William Lasseter was appointed administrator *de bonis non*, on the estate of Solomon Lasseter, deceased.

Afterwards, to wit: on 5th day of January, 1841, William Knight was appointed, by the Court of Ordinary of Henry County, administrator *de bonis non, cum testamento annexo*, on the estate of Charles Knight, deceased, and filed his bill against William Lasseter, charging that the whole of the estate of Solomon Lasseter, including the estate of Charles Knight, went into the possession of the said William Lasseter, and calling upon him to account with and to complainant, for the estate of the said Charles Knight.

At the trial, Counsel for defendant "moved to dismiss the bill, upon the ground that an administrator *de bonis non*, could not call upon the former administrator, for moneys in the hands of such former administrator" Counsel for complainant having admitted that the estate of Charles Knight had been converted into cash.

The Court sustained the motion, and defendant excepted.

DOYAL, for plaintiff in error.

MOORE, for defendant in error.

*By the Court.*—SARNES, J. delivering the opinion.

[1.] The Act of 1845, referred to in the decision of the Court below, is as follows: " that from and after the passage of this Act, whenever any executor or administrator may have been heretofore, or may be hereafter, removed, or depart this life, chargeable to the estate which he or she represented, it shall be the duty of such removed executor or administrator, or the representatives of such deceased executor or administrator, to account, fully, with the administrator *de bonis non*, who may be appointed to finish the administration of said estate."

This phraseology is not accurate ; but in the use of the words, " whenever any executor or administrator may have been *heretofore* removed," &c. it is evident that the Legislature intended, by the Act, to give a remedy to the administrator *de bonis non*, against the removed trustee, or against his representatives, if he were dead, which should have retrospective effect. It seems, in like manner, quite plain, that in the use of the words, " it shall be the duty of such removed executor or administrator, or the representatives of such deceased executor or administrator, *to account, fully*, with the administrator *de bonis non*", unaccompained by words of exception or restriction, the Legislature designed to give a remedy which should be full and complete, as to all and every portion of the estate, (whether remaining *in specie*, or converted into cash and notes,) remaining in the

hands of such removed trustee, or the representatives of such trustee, deceased; and as to which the rights of other persons had not become vested.

In such a point of view, and for the purpose of operating on the remedy only, the Legislature may, undoubtedly, pass Retrospective Acts; and for such purposes, they are not unconstitutional. (*Oglesby vs. Gilmore et al. 5 Ga. R.* 62. 1 *Kent's Com.* 459, 400. *Butler vs. Palmer*, 1 *N. Y. R.* 334. 3 *Smead & M.* 791.)

The decision of the Court below was placed upon the ground, that inasmuch as the proceeds of the property, sold by the deceased executor, had been, by him, converted into cash and notes, and inasmuch as the letters *de bonis non, cum testamento annexo* of the complainant, had been granted to him before the Act of 1845, the previously acquired right of the legatees and creditors, to an account with the deceased executor or his representative, which had inured to them before the passage of the Act of 1845, could not, by it, be divested.

[2.] In the view which we take of this Act, and of this case, the right to an account, which the legatees and creditors had, was not divested, by the extension to the administrator *de bonis non*, of the same right. The right of the complainant, administrator *de bonis non*, &c. is to be exercised for their benefit, and is entirely coincident with their right. It is not a right hostile to, and in opposition to their interests. So far as any settlement has been made with these legatees and creditors, that has given to them a vested right; and with it, the Act authorizes no interference. But as to assets or funds, not turned over or paid to them, the account and settlement sought, is, in legal contemplation, for their benefit and behoof; and in giving a remedy for this, to the administrator *de bonis non, cum testamento annexo*, the Act interferes with no vested rights, and is constitutional.

Judgment reversed.