OLIVER H. P. BONNER, et al., trustees, claimants, plaintiffs in error, vs. KINCHEN LITTLE, plaintiff in fi. fa., defendant in error.

In claim cases, where there is a legal affidavit of claim, and also a legal claim bond, a forthcoming bond is not necessary to the hearing of the claim—and the claim will not be dismissed upon the ground, that the Sheriff has turned over the property to the claimant without taking a forthcoming bond.

Claim, in Putnam Superior Court. Decision by Judge HARDEMAN, at September Term, 1859.

This was a claim interposed by Oliver H. P. Bonner and Richard W. Bonner, trustees of Nancy C. Andrews, to a negro woman named Mary, levied on under and by virtue of a *fieri facias*, in favor of Kinchen Little, against James G. Andrews, Thomas G. Andrews, and John D. Diomatari ; the negro was levied on by the Sheriff as the property of James G. Andrews.

At the trial, upon the call of the case, counsel for plaintiff in *fi. fa.*, Little, moved to dismiss the claim upon the ground,

that claimants had failed to give or file a forthcoming bond, as required by law in such cases. After argument, the Court granted the motion and dismissed the claim, to which decision counsel for claimants excepted.

JUNIUS WINGFIELD, for plaintiffs in error.

GEORGE T. BARTLETT, *contra*.

*By the Court.*—STEPHENS J. delivering the opinion.

We think it is very plain that under our claim laws, the *claim* is perfectly well made when the claimant has made the legal affidavit, and given the requisite claim bond for damages, &c. The forthcoming bond is a privilege to the claimant, and not a requisite with which he must comply. By it he has a right to the possession of the property until the sale; if he can get that possession without it, that is a matter between him and the Sheriff, not affecting in the slightest degree the interest of the plaintiff in execution. The judgment dismissing the claim in this case, must be reversed.

Judgment reversed.