## REYNOLDS BANKING COMPANY *v.* SOUTHERN PACIFIC GUANO COMPANY *et al.*

1. A claimant who obtains possession of the property levied upon by means of a forthcoming bond, and who appropriates the property to his own use by a sale of it, can not file a second claim after the dismissal of the first. Nor is it necessary in such case to readvertise the property for sale, as a condition precedent to an action on the forthcoming bond. An action on the bond will not be enjoined because the claimant, after disposing of the property, can not assert his title in a second claim, and because the property was not readvertised for sale. Having elected his remedy by claim, he is bound by the consequences of his election.
2. Equity will not enjoin the prosecution of an action at law because of certain matters which, if defensive to the right asserted in the action at law, are as much available as a defense in that action as in the equitable action.

AUGUST 13, 1913.

Equitable petition.   Before Judge Gilbert.   Taylor superior court.   December 30, 1912.

*Jere M. Moore, C. B. Marshall,* and *Allen & Pottle,* for plaintiff.
*W. F. Weaver* and *Perry, Foy & Monk,* for defendants.

EVANS, P. J.   A fi. fa. in favor of the Southern Pacific Guano Company against E. C. English was levied upon certain cotton, to which the Reynolds Banking Company interposed a claim.   The property levied upon was delivered to the claimant by the sheriff, upon the execution of a forthcoming bond.   The proceedings were returned to the superior court for trial, and the claim was dismissed because of a defect in the affidavit.   Thereafter the sheriff, suing for the use of the plaintiff in fi. fa., instituted suit upon the forthcoming bond, alleging, amongst other things, that, after the judgment dismissing the claim and ordering the fi. fa. to proceed, he demanded of the claimant the possession of the property so levied upon, which demand was refused; and that prior to the institution of the suit the claimant had appropriated the cotton levied upon, and thus put it out of the claimant's power to deliver it to the sheriff.   The claimant filed an answer and a plea in abatement at the appearance term, and at the same time prepared another claim, together with a forthcoming bond, and tendered the same to the sheriff, who refused to receive them.   Subsequently the Reynolds Banking Company filed a petition to enjoin the prosecution of the suit, on the grounds, that there was no such person, firm, or corporation as the Southern Pacific Guano Company, the alleged plaintiff in the judgment upon which the execution issued; that the Southern Pacific Guano Company was a trade-name used during the year 1897 and prior thereto by J. T. Moody and G. S. Brewster of the county of Fulton; that Moody and Brewster and all of their assets were placed in the hands of a receiver and trustee in bankruptcy, and all of their assets were taken possession of and administered under that litigation; that the receiver had been discharged; that Moody is dead; that Brewster has moved to Indianapolis, Indiana; that the fi. fa. was based on a note which had never been transferred; that there is now no authority in any one to proceed with the collection of the fi. fa., or to authorize the suit upon the bond; that the issue made by the claim case was not tried upon its merits; and that the refusal of the sheriff to accept a second claim deprives the claimant of the right to establish its

title to the property. The sheriff and certain persons purporting to act for the Southern Pacific Guano Company, were made parties defendant. The prayer of the petition was to enjoin the suit upon the forthcoming bond, and for a decree that the property levied upon was the property of the Reynolds Banking Company. The petition was dismissed on general demurrer.

1. The remedy by claim is cumulative. It is an expeditious method provided by statute for determining the right of the plaintiff to have satisfaction from the property levied upon, the ownership of which is claimed by a stranger to the fi. fa. In claim cases, where there is a legal affidavit of claim and also a legal claim bond, a forthcoming bond is not necessary to the hearing of the claim. The forthcoming bond is a privilege to the claimant, but not a requisite with which he must comply. Without it the property, pending the litigation, remains in the possession of the sheriff; by it he has a right to the possession of the property until the sale. *Bonner* v. *Little,* 29 *Ga.* 538. When a claimant gives a forthcoming bond, thereafter he acknowledges that he holds the property for the sheriff, and his failure to deliver the property to the sheriff at the time and place of sale is a breach of the bond. *Roebuck* v. *Thornton,* 19 *Ga.* 151. If the claimant still retains the property in his possession, the sheriff, after a dismissal or withdrawal of the claim, must readvertise the property. But if, after taking possession of the property, the claimant disposes of it, the sheriff is not required to readvertise the property, but may sue upon the bond as for a condition broken. *Aycock* v. *Austin,* 87 *Ga.* 566 (13 S. E. 582). The claimant, after disposing of the property, is not entitled to file a second claim thereto, upon the original claim being withdrawn or dismissed (*Oatts* v. *Wilkins,* 110 *Ga.* 319, 35 S. E. 345), and in a suit upon the forthcoming bond it is no defense that, because the property was not readvertised for sale, he had no opportunity of renewing his claim. As was very pertinently said by Bleckley, C. J., in *Anderson* v. *Banks,* 92 *Ga.* 121, 122 (18 S. E. 364) : "If it be said that he had no opportunity of renewing because the property was not readvertised for sale, the answer is that it did not have to be readvertised, for it was disposed of either by the claimant or his surety, so that they could not produce it. Advertising it would be a useless ceremony and needlessly expensive if the proposed sale would be impossible in consequence of the prop-

erty having been put out of reach and beyond the control of the makers of the bond. Had it been desired to interpose a second claim, the property should have been kept under their control until they had so done. It is not allowable for a claimant to defeat a sale by interposing a claim and then appropriate the property to his own use or suffer it to be appropriated by his surety on the claim bond, and then contest, not in the claim case—the very case appointed by law for the purpose—but in a suit on the bond, the right of the plaintiff in execution to sell the property. To allow this would be to overlook and disregard the object of the claim laws, that object being to facilitate the trial of the rights of property seized under execution, by a sort of intervention on the part of strangers to the execution, instead of leaving them to assert their rights in some separate and independent action. If claims are used merely to get or retain possession of property and not for the trial of rights to it, they cease to be substitutes for other actions, and only give ground or occasion for some other action, which is the very thing the claim laws are designed to prevent. It would be a perversion of these laws not to hold the claimant and his surety estopped by dismissing the claim, the present action being for a breach of a bond to produce the property, and the question of breach not in any way involving the title but only the forthcoming of the property at the time and place of sale." It follows from these decisions that the claimants had no right in an equitable petition to set up their title to the property levied upon, after having elected to try that title by the remedy of claim. It may be said that the claimants are precluded from ever contesting with their adversary the title to the property as being subject to the fi. fa. To this we reply that they should have left the property in the possession of the sheriff, or, if they took possession of it under a forthcoming bond, they should have retained the property until the final disposition of the claim case. They were allowed by the statute, if the property was in their possession, or in the possession of the sheriff, to have filed a second claim after the dismissal or withdrawal of the first claim. Their inability to file a second claim, or contest with the plaintiff in fi. fa. the title to the property, comes, not from any defect in the law, but from a failure on their part to observe the law, in that they appropriated the property to their own use before the litigation was ended.

2. The defense that the plaintiffs in the judgment were adjudicated bankrupts and their property administered in the bankrupt court, or that there are no parties plaintiff for whom the sheriff could recover for their use, even if a good defense (and as to that we express no opinion), could be set up in the suit on the bond; and there is no reason for the intervention of equity to enjoin that suit. *McCall* v. *Fry*, 120 *Ga.* 661 (48 S. E. 200).

*Judgment affirmed. All the Justices concur.*