9548. REYNOLDS BANKING CO. *et al* v. BEELAND,
sheriff, *et al.*

Where a claim to property under levy is filed and the claimant executes a forthcoming bond and takes possession of the property, a subsequent dismissal of the claim on motion of the plaintiff in fi. fa. does not of itself amount to an adjudication of the title to the property, since the claim might ordinarily be renewed (*American Investment Co.* v. *Cable Co.,* 4 *Ga. App.* 106, 60 S. E. 1037); but where the property taken pos-

session of under the bond has been subsequently disposed of by the claimant, so as to prevent the interposition of another claim (*Oatts* v. *Wilkins*, 110 *Ga.* 319, 35 S. E. 345), the judgment dismissing the claim becomes conclusive as to the title, and the claimant, having elected his remedy, is precluded from thereafter contesting the title of the property as being subject to the fi. fa., either in a suit upon the forthcoming bond or in a proceeding to distribute the fund paid into court in satisfaction thereof. See *Reynolds Banking Co.* v. *Southern Pacific Guano Co.*, 140 *Ga.* 498, 501 (79 S. E. 132); *Heard* v. *Duke*, 98 *Ga.* 136 (26 S. E. 485).

DECIDED JANUARY 15, 1919.

Money rule; from Taylor superior court — Judge Howard. December 1, 1917.

Reynolds Banking Company brought a petition for a money rule against Beeland, sheriff, alleging, that in a suit of the Southern Pacific Guano Company against Reynolds Banking Company, upon a forthcoming bond given by the bank in a claim case, a judgment was rendered in favor of the guano company, which judgment (having been affirmed) was satisfied by the Reynolds Banking Company paying the money into court; that the property for which the forthcoming bond had been given belonged wholly to the Reynolds Banking Company; that while the bank had previously interposed its claim to this property, the claim had been dismissed upon motion of the plaintiff in fi. fa. because of a defect in verification, and over the objection of the claimant, and that it had been unable to renew its claim, for the reason that it had disposed of the property after obtaining possession thereof under the bond. It was prayed that the money thus held by the sheriff be turned over to the petitioners. To this petition the defendant demurred generally and specially, the demurrer was sustained, and the plaintiff excepts.

*Little, Powell, Smith & Goldstein, Jere M. Moore,* for plaintiff.

*J. G. Jones, R. S. Foy, W. F. Weaver,* for defendants.

JENKINS, J. (After stating the foregoing facts).

In *Reynolds Banking Co.* v. *Southern Pacific Guano Co.,* 140 *Ga.* 498 (79 S. E. 132), which was a former proceeding by which the bank sought to enjoin the suit on the forthcoming bond referred to above, it is said in the opinion of the Supreme Court: "It follows from these decisions that the claimants had no right in an equitable petition to set up their title to the properly levied upon, *after having elected to try that title by the remedy of claim.* It may be said that the claimants are precluded *from ever contesting with their adversary the title to the property as being subject to*

*the fi. fa.* To this we reply that they should have left the property in the possession of the sheriff, or, if they took possession of it under a forthcoming bond, they should have retained the property until the final disposition of the claim case. They were allowed by the statute, if the property was in their possession, or in the possession of the sheriff, to file a second claim after the dismissal or withdrawal of the first claim. Their inability to file a second claim, *or contest with the plaintiff in fi. fa. the title to the property,* comes, not from any defect in the law, but from a failure on their part to observe the law, in that they appropriated the property to their own use before the litigation was ended." (Italics ours.)

     *Judgment affirmed. Wade, C. J., and Luke, J., concur.*