ARTHUR TUFTS COMPANY *v.* DEJARNETTE SUPPLY COMPANY.

HINES, J.  1.  Equity will not enjoin the proceedings and processes of a court of law, unless there is some intervening equity, or other proper defense, of which the party, without fault on his part, cannot avail himself at law. Civil Code (1910), § 5492; *Reynolds Banking Co.* v. *Southern Pacific Guano Co.,* 140 *Ga.* 498(2) (79 S. E. 132).

2. The facts set out in the petition do not make a case for an equitable accounting, it not being alleged that there are mutual accounts growing out of privity of contract, the facts stated not showing that the accounts are complicated and intricate, no case for equitable discovery being made, no writ of ne exeat being prayed and granted, the accounting sought not being of a trust fund, or between partners or tenants in common, and the case laid not being one where a multiplicity of suits would render a trial at law difficult, expensive, and unsatisfactory. One or more of the above elements is essential to make a case of equitable accounting. Civil Code (1910), § 4586. The accounting sought by the plaintiff can be had at law, and is adequate. "The mere necessity of accounting to ascertain the amount due on a contract is wholly insufficient to give equity jurisdiction to order an accounting. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538).

3. The petition does not make a case for equitable discovery. "Discovery may be had from the opposite party in any case, legal as well as equitable, pending in any court." *Burress* v. *Montgomery,* supra. The facts alleged do not show the plaintiff's inability to prove the facts upon which he relies at law, without resort to the conscience of the defendant, and do not show any other ground of equitable interference with the common law jurisdiction. *Merchants' Bank* v. *Davis,* 3 *Ga.* 112(4).

4. "Notwithstanding the prayer for 'discovery,' 'accounting,' and relief in equity, the petition alleges no cause showing inadequacy" of the plaintiff's remedy at law. *Burress* v. *Montgomery*, supra.

5. The city court has jurisdiction to grant purely defensive equitable relief. *Butler* v. *Holmes*, 128 *Ga.* 333 (57 S. E. 715). The plaintiff's petition sets forth no facts which entitle it to affirmative equitable relief, if it sets up any cause of action.

6. Applying the above principles, the court did not err in refusing an interlocutory injunction.    *Judgment affirmed.   All the Justices concur.*

No. 4159.   April 18, 1924.

Petition for injunction.    Before Judge Humphries.    Fulton superior court.    November 19, 1923.

Arthur Tufts Company, hereinafter referred to as the plaintiff, filed its petition for injunction, discovery, accounting, and relief against DeJarnette Supply Company, hereinafter referred to as the defendant; and made this case: The defendant has brought suit against the plaintiff in the city court of Atlanta, to recover damages for breach of a contract therein set out.   Plaintiff filed its answer denying the substantial allegations of the petition in that suit, and the right of the defendant to damages for breach of the alleged contract.   In its answer plaintiff asked for an accounting, alleging that defendant was indebted to it in the sum of $5000, and asking permission thereafter to attach to its answer the contract upon which it relied as the basis of its prayer for accounting, and to otherwise amend its answer so as to fully set out its claim.   The city court of Atlanta has no equitable jurisdiction, and is without authority to grant to plaintiff complete and adequate relief in its right to an accounting from the defendant.   Plaintiff sets out the facts entitling it to the relief prayed.   Plaintiff is the owner of $30,000 of the capital stock of the defendant.   The defendant was organized by certain contractors and builders who became its stockholders, and participated in the profits made by said company, according to a contract between said contractors and builders and said company.   The substance of this contract is embodied in the by-laws of the company.   One of said by-laws is as follows: "The books of the corporation shall be closed at the end of each fiscal year, and the net earnings of the corporation shall then be computed; and if said net earnings are sufficient, 7% shall be set apart and paid as dividends on the capital stock of the corporation, and the remaining net earnings shall be disposed of as follows: The remaining net earnings, after the payment of said 7% dividend

and after the credit to said special commission fund, shall be passed to surplus."

On June 30, 1922, this company declared a stock dividend of $22,500 which amount was added to its capital stock; and a 7% dividend was paid upon said amount of capital stock on Dec. 31, 1920. Said stock dividend was improperly and illegally declared as of the date of June 30, 1920, because it could not, under the above by-law, be declared except out of surplus. The first charge against the net earnings of the company, before the declaration of a stock dividend was legal under said by-law, was a 7% dividend on its then outstanding capital stock. The stock dividend of $22,500 was not entitled to a 7% dividend for the year 1920, as said dividend could only be declared after the 7% dividend upon the whole capital stock and other distributions had been made. The 7% dividend on the stock dividend of $22,500 was $1575, and this amount should be added to the profits of the corporation, remaining after the deduction of the regular 7% dividend and available for distribution under the above by-law. When this amount is added to the profits of the company, as it should be, the amount of commissions on purchases due plaintiff would be increased, but plaintiff cannot now definitely allege what this amount would be. It will be necessary, in order to determine said amount, to audit all the books, records, and orders of the company, and a proper accounting therefor be made by defendant to plaintiff. At a meeting of the directors of the company on June 6, 1919, it was provided that 80% of the earnings of the company should be apportioned as commissions to its primary sales agents in the exact proportion of sales orders signed by them and delivered to and accepted by the company during said fiscal year. By said provision a method was fixed for arriving at the amount of sales on which to base commissions due plaintiff; but this method was not followed by defendant in distributing its commissions, but the figures used were the totals of actual shipments made during the fiscal year, and was improper and contrary to the method fixed by the directors on June 6, 1919.

Plaintiff had on file in January, 1921, a number of approved, accepted, and valuable orders awaiting shipment by defendant, on which it was entitled to commissions based on the rates of commission as of December 31, 1920. Said unfilled orders should be

ascertained by an examination of all the books of the defendant, and should be added to the total purchases of the plaintiff in determining the amount of commissions due plaintiff. If this proper and necessary readjustment and reaccounting is done, an additional payment upon commissions will be due plaintiff, the amount of which it is now unable to state, and which can only be ascertained by a careful audit of the books, records and files of the company. The above by-law does not require that, in order to become entitled to commissions, a stockholder must continue to be a stockholder until the end of the year. Plaintiff is entitled to commissions on all purchases made by it from defendant from January 1, 1921, to May 5, 1921, when it sold its stock in the company, and ceased to be a stockholder therein. On account of the facts set out above, defendant is indebted to plaintiff in some substantial amount, which, in its opinion, is considerably in excess of the claims of defendant against it embraced in the defendant's suit in the city court of Atlanta. Plaintiff cannot ascertain what said amount is, so as to set it off against the claim of defendant in the city court; and it is necessary to have the aid of a court of equity. Plaintiff sued the defendant on an open account in the municipal court of Atlanta, and obtained judgment thereon, but the defendant has served summons of garnishment upon the marshal of said court, and thus held up the collection by plaintiff of said judgment. On account of the suit in the city court and the suit in the municipal court, and on account of the many complex and intricate claims and counter-claims, accounts, and transactions which have taken place between plaintiff and defendant, it is absolutely necessary that a court of equity entertain jurisdiction of this case and in one suit settle all the questions between them, thus preventing a multiplicity of suits. In order to determine its rights petitioner files this petition for discovery, and propounds to defendant, its officers, agents, and representatives, sixteen interrogatories, seeking discovery of the facts hereinbefore stated. Plaintiff prays for judgment against the defendant for the full amount found to be due it, for injunction against the suit in the city court of Atlanta and the garnishment proceeding in the municipal court of Atlanta, that the rights of plaintiff might be determined in this suit, and for discovery and general relief.

To this petition the defendant demurred on the grounds that plaintiff was not entitled to any relief, either legal or equitable, under the facts stated therein; that plaintiff had an adequate remedy at law; and the facts alleged show that plaintiff was guilty of laches. The defendant filed an answer denying, among other things, that it was indebted to plaintiff as alleged in the petition.

The suit in the city court of Atlanta was filed on May 5, 1922, and the answer thereto on May 30, 1922. The petition in the instant case was filed on September 12, 1923. The application for injunction therein was heard on November 19, 1923, and an interlocutory injunction was denied by the trial judge. To this judgment the plaintiff excepted.

*Bryan & Middlebrooks,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman* and *Mark Bolding,* for defendant.