28533. GOWDER *v.* ARMSTRONG & BROTHER COMPANY.

DECIDED NOVEMBER 28, 1940. REHEARING DENIED DECEMBER 16, 1940.

*H. T. Oliver,* for plaintiff in error. *Howell Brooke,* contra.

BROYLES, C. J. Armstrong & Brother Company sued out an attachment against W. H. Hartman which was levied on certain mining machinery, to wit, "one set of riffles in metal frames and sluice boxes, and one rotary screen used for washing rocks and frame," as the property of Hartman. G. D. Gowder filed a claim to the property levied on. Upon the hearing of the case the claimant admitted on cross-examination that before the filing of his second claim (the first claim having been dismissed for want of prosecution) he had sold the riffles and the sluice boxes for $100. Thereupon the court directed a verdict in favor of the plaintiff in attachment for the sum of $100, the amount received by the claimant for the riffles and sluice boxes, and submitted to the jury the question whether the claimant had title to the other articles levied on; and the jury resolved that question in favor of the claimant. The claimant's motion for new trial was overruled and he excepted to that judgment. The sole question before this court is whether the court erred in directing the jury to return a verdict in favor of the plaintiff for $100. In *Oatts* v. *Wilkins,* 110 *Ga.* 319 (35 S. E. 345), the court held as follows: "Inasmuch as the 'commencement of a claim case is not the levy, but the interposition of the claim,' no one can rightfully claim property to which he confessedly has no title at the time of filing his claim." See, to the same effect, *Reynolds Banking Co.* v. *Southern Pacific Guano Co.,* 140 *Ga.* 498 (79 S. E. 132). Under the above-stated ruling, the court did not err in directing the verdict in favor of the plaintiff in attachment for $100.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*