WALKER ELECTRICAL COMPANY *v.* WALTON.

No. 15967. JANUARY 10, 1948.

248

*Powell, Goldstein, Frazer & Murphy,* for plaintiff.

*Herbert Johnson* and *Calhoun & Calhoun,* for defendant.

HEAD, Justice. ■ The first question for determination involves the attacks made by the plaintiff in error on the jurisdiction of the Civil Court of Fulton County. It is strongly urged that such court does not have jurisdiction of the counterclaims of the plaintiff in error. Lack of jurisdiction in the Civil Court of Fulton County to determine all issues between the parties in the pending cases would be grounds for a consolidation of the actions in equity.

It is urged in the brief of the plaintiff in error that the act which enlarged the jurisdiction of the Civil Court of Fulton County was not adopted until January 31, 1946, to become effective March 1, 1946, and it would normally not be considered applicable to pending cases; to give it such force and effect would be to violate provisions of the Constitution prohibiting the ret-

roactive operation of statutes. Counsel cite *Mayor &c. of Cartersville* v. *Lyon,* 69 *Ga.* 577, where this court held that the Constitution of 1877, depriving a justice of the peace of jurisdiction to try an action for damages to realty did not affect an action pending on appeal when the Constitution was adopted. It is contended that, by analogy, a statute increasing the jurisdiction of the court would not be applicable to cases pending before its enactment. *Mayor &c. of Cartersville* v. *Lyon,* supra, is not analogous to the present case. In that case it was stated by this court (at page 580) that the Constitution of 1877 provided that pending cases should not be disturbed. The act increasing the jurisdiction of the Civil Court of Fulton County does not contain any restriction or limitation as to cases pending on the effective date of the act, and in the absence of such restriction or limitation, defenses filed or amended after the effective date would fall within the jurisdiction of the court as amended by the act of 1946.

In support of the contention that retrospective legislation is void, counsel quote: "It is a maxim, which is said to be as ancient as the law itself, that a new law ought to be prospective, not retrospective, in its operation" (50 Am. Jur. p. 494, § 477) ; and from *Bussey* v. *Bishop,* 169 *Ga.* 256 (150 S. E. 78, 67 A. L. R. 287), quote the following: "Besides, the Constitution of this State expressly prohibits the passage of retroactive acts." The maxim quoted from American Jurisprudence, and the quotation from *Bussey* v. *Bishop,* supra, are not controlling in this case. The rule with reference to retrospective statutes has been repeatedly held by this court to be limited to substantive rights and not to the remedy. In *Knight* v. *Lasseter,* 16 *Ga.* 153, it was held: "For the purpose of operating on the remedy only, the legislature may, undoubtedly, pass retrospective acts; and for such purposes, they are not unconstitutional." In *Searcy* v. *Stubbs,* 12 *Ga.* 439, it was held: "Remedial statutes are not inoperative, although of a retrospective nature, provided they do not impair contracts, *and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations.*"

In *Aycock* v. *Martin,* 37 *Ga.* 124, 177 (92 Am. D. 56), it was held: "It is now clearly established by repeated decisions that the legislature may pass laws altering, modifying, or even taking

away remedies for the recovery of debts without incurring a violation of the clause in the Constitution which forbids the passage of ex post facto laws, or laws impairing the obligation of contracts." See also *Griffin* v. *McKenzie*, 7 *Ga.* 166 (50 Am. D. 389); *Carey* v. *Giles*, 9 *Ga.* 258; *Cutts* v. *Hardee*, 38 *Ga.* 350 (3); *Sparger* v. *Cumpton*, 54 *Ga.* 359; *Pritchard* v. *Savannah Railroad Co.*, 87 *Ga.* 297-299 (13 S. E. 493, 14 L. R. A. 721); *Mills* v. *Geer*, 111 *Ga.* 280 (36 S. E. 673, 52 L. R. A. 934); *Hammack* v. *McDonald*, 153 *Ga.* 543 (113 S. E. 83).

In *Bullard* v. *Holman*, 184 *Ga.* 788 (193 S. E. 586, 113 A. L. R. 763), Chief Justice Russell speaking for the court, and after affirming the rule stated in the authorities above cited that the prohibition against the passage of retroactive laws is to be restricted so as to apply only to enactments affecting or impairing vested rights, dealt with the case of *Bussey* v. *Bishop*, supra, cited and relied upon by counsel for the plaintiff in error, in the following language (page 794): "However, we must bear in mind that the decision in that case [*Bussey* v. *Bishop*] is not binding authority, not being the judgment of a unanimous court. Upon a critical examination of the opinion it appears that Justice Hines, speaking for a majority of the court, did not hold that the act under review was unconstitutional, but simply construed it not to have application to a claim against which the statute had run before the act was passed. The ruling that the act did not apply to the case under consideration was conclusive of the question under consideration; and anything that might have been added as to the validity of the act, if given a construction which the court declined to give it, was necessarily obiter dictum. Furthermore, the *Bussey* case is in conflict with *Pritchard* v. *Savannah St. R. Co.*, supra, which was a full-bench decision, and the ruling in the *Bussey* case must yield to the older authority."

The plaintiff in error was sued in three cases in the Civil Court of Fulton County. Under the jurisdiction of the court as fixed at the time the suits were filed, counterclaims of the plaintiff in error could not be recovered, nor, as contended by counsel for the plaintiff in error, could they be urged at the time for filing defenses. It appears from the record that the cases filed in the Civil Court of Fulton County have not been tried, and are pending in that court. If the plaintiff in error has filed defenses so

that such cases are not in default, no reason is shown why it should not amend its pleadings before trial, to seek judgment for all amounts claimed.

In the brief of counsel for the plaintiff in error it is contended that the amendatory act approved January 31, 1946 (Ga. L. 1946, p. 287), "is void because notice of intention to introduce this legislation was not given." By amendment to its petition the plaintiff in error set out in full a copy of the advertisement published, as appears from the enrolled act on file in the office of the Secretary of State, as follows: "Notice is hereby given of intention to apply for local legislation at the next meeting of the General Assembly of Georgia, which convenes in January, 1946, amending the original act creating the Municipal Court of Atlanta (now the Civil Court of Fulton County), Georgia Laws, 1913, and all amendatory acts thereto." It appears from the enrolled act that an affidavit was made by the publisher of the Fulton County Daily Report that the notice above quoted was published on November 24, and on December 1 and 8, in the year 1945.

The contention that notice was not given as required by the Constitution appears to be based on the theory that the advertisement published was insufficient to meet the requirements of the constitutional provision, and because the title of the act was not published.

Art. 3, sec. 7, par. 15 of the Constitution of 1945 (Code, Ann. Supp., § 2-1915) provides with reference to local legislation as follows: "No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the newspaper in which the sheriff's advertisements for the locality affected are published, once a week for three weeks during a period of sixty days immediately preceding its introduction into the General Assembly. No local or special bill shall become law unless there is attached to and made a part of said bill a copy of said notice certified by the publisher, or accompanied by an affidavit of the author, to the effect that said notice has been published as provided by law." The quoted provision of the Constitution of 1945 superseded all prior laws and constitutional provisions with reference to publication of notice of intention to seek local legislation.

Under reasonable rules of construction, the Constitution of 1945 (art. 3, sec. 7, par. 15), requiring the publication of notice, does not require more information as to the law to be enacted than would be required in the caption of the bill itself. In *Welborne v. State*, 114 *Ga.* 793, 816 (40 S. E. 857), quoted and approved in *Davis v. Warde*, 155 *Ga.* 748, 771 (118 S. E. 378), it was said: "The title to an act need not contain a synopsis of all of its provisions. Any legislation which is germane to the general purpose of the act as indicated in the title can be properly embraced in the act, and, no matter what may be its details, the legislation embraced therein will not render the act subject to the objection that it contains matter variant from the title, so long as such matter is legitimately within the general scope of the purpose of the act as indicated in the title." See also *Newman v. State*, 101 *Ga.* 537 (28 S. E. 1005) ; *Smith v. State*, 161 *Ga.* 104 (129 S. E. 766) ; *Ragans v. Ragans*, 200 *Ga.* 894 (39 S. E. 2d, 162).

The notice published states that legislation will be sought to amend the act creating the Civil Court of Fulton County and all acts amendatory thereof. This published notice, pursuant to the Constitution of 1945, was sufficient to put every citizen of Fulton County on notice that any legislation affecting the Civil Court of Fulton County, within the range of legislative enactment, might be enacted by the General Assembly. *Ragans v. Ragans*, supra. The Constitution of 1945 does not require any specific notice, but only requires that "notice of the intention to apply therefor" shall be published in the newspaper in which the sheriff's advertisements are published, three times in a period of sixty days immediately preceding the introduction of the new legislation. The amendatory act of 1946 having been introduced on January 14, 1946, the provision of the Constitution of 1945 was fully satisfied and the act is not void for failure to give notice.

The contention that the caption of the bill should have been published, as formerly provided by the Code, § 47-801, is without merit. It was held by this court in *Smith v. McMichael*, 203 *Ga.* 74 (45 S. E. 2d, 431): "When the enrollment of any local or special bill has incorporated therein the required proof of notice, and after it has been properly signed and filed with the Secretary of State, it will not only impute absolute verity as to

its contents, but it will also conclusively show upon its face its validity with respect to the constitutional requirements as to proof of notice."

It is contended that the amendatory act of 1946 repealed sec. 10 of the act of 1925 (Ga. L. 1925, p. 370), and that this resulted in the jurisdiction of the court being limited to $500, sec. 26 of the act of 1913 not being specifically repealed by either the amendment of 1925 or 1946. This contention is without merit. The act of 1925, in the caption of the act, provided in part as to the purposes thereof: "to define its jurisdiction as to subject-matter, amount, territory, and powers;" and the jurisdiction was fixed in the new sec. 10 at $2500. The caption of the act of 1925 having been followed in the act by language increasing the jurisdiction of the court to $2500, the specific language of that act increasing the jurisdiction would not be defeated by sec. 26 of the act of 1913. The new sec. 10 of the act of 1946, which gives to the Civil Court of Fulton County concurrent jurisdiction with the superior courts (except in stated instances), is not defeated by sec. 26 of the act of 1913. The caption of the act of 1946 provides that sections 10 and 49 of the original act (1913), as amended (1925), be stricken, and new sections be enacted in lieu thereof, so as to define the jurisdiction of the court. Assuming that sec. 26 of the act of 1913 has not been repealed by specific language as contended, it was repealed by implication, by the definite language used in increasing the jurisdiction of the civil court.

The act giving the Civil Court of Fulton County concurrent jurisdiction with the superior courts (except in certain instances) is not unconstitutional for any reason urged by counsel for the plaintiff in error.

■ Equity may, by injunction, restrain proceedings in another or in the same court, or any act which is contrary to equity and for which no adequate remedy is provided by law. Code, § 55-101. But equity will not enjoin proceedings in a court of law unless there shall be some intervening equity or defense of which the party, without fault on his part, can not avail himself at law. § 55-103. Equity jurisdiction extends to mutual accounts growing out of privity of contract, or where the accounts are complicated and intricate, or where discovery is prayed and granted,

or where a multiplicity of suits would render a trial difficult, expensive, and unsatisfactory at law.  § 37-301.

"Where law and equity have concurrent jurisdiction, whichever first takes jurisdiction shall retain it, unless a good reason shall be given for the interference of equity."  Code, § 37-122.  Under § 10-102, litigants may have an accounting at law, and the fact that a large number of items may be involved in the accounting between the parties is not sufficient to confer jurisdiction in a court of equity in a proceeding to consolidate pending cases. *Burress* v. *Montgomery*, 148 *Ga.* 548 (97 S. E. 538) ; *Arthur Tufts Co.* v. *DeJarnette Supply Co.*, 158 *Ga.* 85 (123 S. E. 16) ; *Henderson* v. *Curtis*, 185 *Ga.* 392 (195 S. E. 152).

It is alleged that the defendant is in possession of records which should be made available to the plaintiff, and that the plaintiff is entitled to discovery.  "Discovery may be had from the opposite party, either nominal or real, in any case pending in any court."  Code, § 38-1201; *Burress* v. *Montgomery*, supra; *Arthur Tufts Co.* v. *DeJarnette Supply Co.*, supra.  The allegations of the petition for consolidation relating to discovery are insufficient under the Code, § 81-108, as applied to equitable proceedings, and no inadequacy is shown in law as to the discovery sought.

The bare allegation that consolidation is necessary to avoid a multiplicity of suits is insufficient.  It is only where a trial at law would be more difficult, expensive, and unsatisfactory that a court of equity will restrain the proceedings at law and consolidate the actions.  It is not shown how, or wherein, an accounting before an auditor in the Civil Court of Fulton County would be more difficult, more expensive, and more unsatisfactory than an accounting before an auditor in a court of equity.  The Code, § 37-1007, is not applicable in the present instance.  Such section applies only where there is one common right, and one is asserting the right against many, or many against one.  In the cases pending in the Civil Court of Fulton County there is only one party plaintiff and one party defendant.

The case of *Hanson* v. *Williams*, 170 *Ga.* 779 (154 S. E. 240), is urged by counsel for the plaintiff to be controlling here.  This contention is not well taken.  At the time of the litigation between the parties in that case, the Municipal Court of Atlanta

was a court of limited jurisdiction and could not grant a judgment for the full amount claimed to be due in the equitable petition for consolidation. Under the rulings made in this opinion, the Civil Court of Fulton County has concurrent jurisdiction with the superior courts of this State except in stated instances, and the plaintiff may procure a judgment for any and all amounts which may be shown to be due it. The cases of *White* v. *North Ga. Electric Co.*, 128 *Ga.* 539 (58 S. E. 33); *Smith* v. *Hancock*, 163 *Ga.* 222 (136 S. E. 52); *Gibson* v. *Smith*, 187 *Ga.* 532 (1 S. E. 2d, 435); and *Pullen* v. *General American Credit Corp.*, 186 *Ga.* 642 (198 S. E. 747), cited by the plaintiff in error, are not in point on their facts, and are not contrary to any ruling made here.

We do not agree with counsel for the plaintiff in error that the three cases in the Civil Court of Fulton County constitute but a single controversy. If this were true, under the Code, § 3-112, providing that "Suits between the same parties, arising under the same contract, involving the same pleas and upon which the same verdict may be rendered, may be consolidated if the aggregate amount shall not exceed the jurisdiction of the court," a consolidation of all issues in the Civil Court of Fulton County would be authorized. But as we construe the three cases in the Civil Court of Fulton County, two arise ex contractu and one ex delicto, and under the Code, § 3-113, such claims may not be joined in the same action at law.

It is strongly urged in the briefs filed on behalf of the plaintiff in error that, since the adoption of the Uniform Procedure Act of 1887, it is error to dismiss, on demurrer, a petition which sets forth either an equitable or legal cause of action. This rule has been announced so many times that it is unnecessary to cite authorities. Such rule is not applicable, however, in those instances where an equitable consolidation of actions is sought and no sufficient reason is shown for a consolidation, and the plaintiff has an adequate remedy for legal relief in the court where the actions are pending. Code, § 37-122; *Ponder* v. *Ponder*, 198 *Ga.* 781 (32 S. E. 2d, 801).

In this case the petition does not make a cause for consolidation of actions in equity, and fails as an equitable action. The plaintiff's claims do not exceed the jurisdiction of the Civil Court of Fulton County, as contended, and the plaintiff should plead

its demands in that court. The petition can not stand as an action at law.

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*