Elam, executrix, vs. Elam et al.

1. Creditors of an estate by account have no right to enjoin the executrix from selling the real estate in the due course of administration, because she is insolvent, and twelve months have not elapsed since the grant of letters of administration, and because they fear that if she receives the proceeds they will lose their claims, no waste or mismanagement, or attempt thereat, being alleged.

(a.) The insolvency of the executrix furnishes no ground for equitable relief. Her condition as to solvency or insolvency is the same now as when she was appointed and qualified.

2. A bare fear on the part of complainants that, if the defendant should sell and receive the proceeds, they would be unable to realize anything upon their claims against the estate which she represents, is not sufficient. It should be clearly shown upon what ground such fear rests.

3. The fact that complainants cannot bring suit until twelve months have elapsed from the grant of letters testamentary, is no fault of the defendant, but is a condition imposed by the law on all persons.

4. The fact that the defendant denies the justice and truth of complainants' demands against the estate, instead of being favorable to the equity of the bill, constitutes an objection thereto which it is incumbent on the complainants to overcome by proof.

October 2, 1883.

Equity. Administrators and Executors. Waste, Debtor and Creditor. Before Judge FORT. Sumter County. At Chambers. August 4, 1883.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

B. B. HINTON; J. A. ANSLEY, for defendants.

BLANDFORD, Justice.

The defendants in error preferred their bill in equity against the plaintiff in error, in which they alleged that she was the executrix of the will of Hodijah Elam, deceased; that they were creditors by accounts due them by the deceased testator; and that the estate of Hodijah was

insolvent, and that the executrix was likewise insolvent; that she had, since the death of the testator, shipped off a box of goods of the deceased; that she had proved the will of testator, and immediately thereupon she was proceeding to sell the real estate belonging to the estate, and that they feared, if she reduced the property of the estate to money, they would be unable to get anything upon their claims.*

The defendant answered the bill, and showed that the box which she had shipped off belonged to her daughter before the death of her husband, and that there were tax executions against the property to the amount $140.00, a common law judgment and a mortgage which were liens on the property; that it was necessary to sell the property to discharge these liens and pay the debts of the estate. She denied that the estate or her testator was in any manner indebted to the complainants in the bill; and upon the hearing before the chancellor upon the bill and answer alone, he granted an injunction restraining the defendant, as executrix, from selling the property belonging to the estate of Hodijah Elam, her husband. This order granting the injunction is excepted to, and the same is assigned for error.

1. There is no equity in the bill, because there is no allegation as to any waste or mismanagement upon the part of the executrix. She has done nothing, nor is it alleged that she is attempting to do anything, by which the complainants' interests are liable to injury. She may be insolvent, yet this does not constitute any equitable ground for relief, as her condition as to solvency or insolvency is the same now as it was when she was appointed and qualified as executrix.

2. A fear on the part of complainants, that if defendant should sell the property and pocket the proceeds, they would be unable to realize anything upon their claims against the estate which she represents, is a naked allega

*Twelve months from the grant of letters testamentary had not elapsed when this bill was filed.—(REP.)

tion; it must be shown clearly upon what grounds such fear rests.

3. The fact that they cannot bring suit until twelve months shall have elapsed from the grant of letters testamentary to defendant, is no fault of the defendant, but is a condition imposed by the law on all persons.

4. And the further fact that the defendant denies the justice and truth of complainants' demands against the estate of the testator, instead of being in favor of the equity of the bill, constitutes an objection thereto which it is incumbent on the complainants to overcome by proofs. So, in no view which can be taken of this case, was the chancellor authorized to grant this injunction, and the judgment is reversed.