GOODWYN, administratrix, *v.* ROOP, administratrix.

No. 10919. OCTOBER 17, 1935.

*R. D. Jackson, Willis Smith,* and *Harvey Beall,* for plaintiff.
*Smith & Millican* and *Boykin & Boykin,* for defendant.

GILBERT, Justice. Mrs. Goodwyn as administratrix brought suit against Mrs. Roop as administratrix, alleging that the intestate of the defendant was the agent of the intestate of the plaintiff, that the principal "trusted and confided" in such agent and "allowed him to take charge of all of her affairs and manage them in her place and stead, which he did and continued to do as long as she lived, and never made any accounting or settlement to her," and that she died without any settlement. The appointment of the agent was verbal. The petition alleges and specifies numerous sums of money as having been received by the agent for his principal, and his failure to account therefor. The petition, which was subsequently amended, prayed for process requiring the defendant to "appear at the next term of said court to answer petitioner's complaint for settlement and accounting; and that she have judgment of the amount sued for; and she will ever pray." The defendant demurred and answered. On the demurrer the court rendered the following judgment: "Construing the suit in this case as amended to be a suit to recover certain named items of cash, and not a suit to recover any realty or specific property, the within and foregoing demurrer is hereby overruled." To this judgment there was no exception. The case proceeded to trial, and evidence was introduced for the plaintiff, at the conclusion of which the court granted a nonsuit. The exception is to the latter

judgment. The case was brought to this court as a case in equity. The petition does not allege that the petitioner has not an adequate remedy at law, or why equitable jurisdiction under the allegations is authorized.

    1.   The Supreme Court has jurisdiction in all cases:

        A.   That involve the construction of:

            (1)   The Constitution of the State of Georgia; or

            (2)   The Constitution of the United States; or

            (3)   Treaties between the United States and foreign governments.

        B.   Which draw in question the constitutionality of:

            (1)   Any law of the State of Georgia; or

            (2)   Any law of the United States.

        C.   Until otherwise provided by law, cases:

            (1)   Respecting title to land; or

            (2)   Equity cases; or

             (3)   Involving the construction or validity of wills; or

            (4)   Of the conviction of a capital felony; or

            (5)   Habeas corpus cases; or

            (6)   Involving extraordinary remedies; or

            (7)   All divorce and alimony cases.

        D.   (1)   Writs of certiorari to the Court of Appeals.

            (2)   Questions of law certified by the Court of Appeals. Code of 1933, § 2-3005.

The Court of Appeals has appellate jurisdiction in all cases in which jurisdiction has not been conferred by the Constitution upon the Supreme Court, as provided in the Code of 1933, § 2-3009.

    2.   The accounting sought in this case may be had at law. Code of 1933, § 10-102. There are no prayers for equitable relief of any character. Properly construed, the case is an action at law and not an equity case. *Griffin* v. *Collins,* 122 *Ga.* 102 (7), 110 (49 S. E. 827), and cit.; *Guarantee Trust & Banking Co.* v. *Dickson,* 148 *Ga.* 311 (96 S. E. 561); *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538), and cit.; *Bernstein* v. *Fagelson,* 166 *Ga.* 281, 287 (142 S. E. 862).

    3.   This court is without jurisdiction. Accordingly, it is ordered that the case be and it is hereby

    *Transferred to the Court of Appeals. All the Justices concur, except Russell, C. J., absent because of illness.*