REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA *et al. v.* CARROLL *et al.*

JENKINS, Chief Justice. The instant case, although an action for damages resulting from breach of contract, was brought in equity by reason of prayers for an accounting and other equitable relief incidental to recovery designed to avoid a circuity of actions. The issues were tried upon the pleadings, stipulated facts, and certain documentary evidence without the intervention of a jury. The defendants admitted entering into the contract sued on, which called for the payment to plaintiffs of 15 percent of the "net billings" received from the operation of radio station WGST for a specified period of time; and the defendants further admitted the breach of said contract, but set up by way of defense to the claim of damages certain undisputed facts to show that continued performance of such contract became impossible by reason of the action of the Federal Communications Commission in ruling that such contract was contrary to the public interest, and thereupon requiring the defendants to disaffirm said contract as a prerequisite to granting a renewal license to operate said radio station. Damages were awarded the plaintiffs as prayed in an amount represented by 15 percent of the net billings of said station from the date of the breach of the contract up until the

time the suit was instituted. Exceptions are to the preliminary findings of law and fact as made by the trial court and to the final judgment entered thereon. *Held:*

1. The mere necessity for an accounting to ascertain the amount due on a contract is insufficient to give equity jurisdiction to order an accounting. *Burress* v. *Montgomery*, 148 *Ga.* 548 (5) (97 S. E. 538); *Martin* v. *Home Owners Loan Corp.*, 198 *Ga.* 288, 290 (31 S. E. 2d, 407). Nor is it made to appear in the instant case that the accounts are complicated and intricate, within contemplation of the provisions of the Code, § 37-301, such as might make this case one of equitable jurisdiction. Furthermore, it appears that the accounting prayed by the plaintiffs was not complicated, but was furnished by the defendants as a part of their answer, and the accounting as thus rendered has been accepted as the basis for determining the amount of the judgment rendered by the trial court, and no exception is taken relating to the correctness of said accounting.

(*a*) The judgment of the lower court directing that the amount of recovery be paid directly to the plaintiffs, instead of to their agents, as contemplated under the terms of the contract sued on, which provision of the judgment is not excepted to by any of the parties including the agents who were made parties to the suit, effectively eliminates from the case any equitable feature which may have existed because of any necessity to avoid a multiplicity of suits or a circuity of action.

(*b*) While it is contended in the brief of counsel for the defendants, now plaintiffs in error, that the facts relied upon as a defense to the action for damages present a case "for the application of the doctrine of equitable rescission," yet even though this be assumed, the defendants in their answer do not ask for rescission or pray for any *affirmative* equitable or legal relief in the enforcement of an equitable right, but to the contrary the answer, after setting forth that the defendants were no longer permitted to comply with their contract, merely prays that they "be dismissed hence and with [their] reasonable costs." In this connection, an action not otherwise equitable is not made so by a plea setting up purely defensive matter of an equitable nature, in the absence of prayers for some affirmative equitable remedy. This is true even though such answer might call for the application of equitable principles. *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921, 927 (41 S. E. 74); *House* v. *Oliver*, 123 *Ga.* 784, 785 (51 S. E. 722); *Burnett* v. *Davis & Co.*, 124 *Ga.* 541, 544 (52 S. E. 927). Since whatever equitable features the case may originally have contained have been eliminated by a judgment of the lower court which is not excepted to, *a fortiori* such purely defensive matter as is set up by way of defense in the instant case, without invoking an affirmative remedy in the enforcement of an equitable right, would not give this court jurisdiction of the writ of error. Accordingly, the Court of Appeals and not this court has jurisdiction of the writ of error, and it is ordered, therefore, that the case be transferred to the Court of Appeals, without intimating thereby any opinion as to the rights of the defendants at law; the ruling in transferring this case merely being that, since no prayers for any affirmative equitable remedy are made, a court at law is the proper tribunal to determine what rights the de-

fendants might have under their plea, even though they may call for the application of equitable principles.

*Transferred to Court of Appeals. All the Justices concur, except Bell, J., absent on account of illness; Head, J., disqualified; and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16066. FEBRUARY 10, 1948.

*Eugene Cook, Attorney-General, Hamilton Lokey,* and *Margaret Hartson,* for plaintiffs in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, James A. Branch,* and *Thomas B. Branch Jr.,* contra.

*Benedict P. Cottone, Harry M. Plotkin,* and *Max Goldman,* for person at interest, not party to record.