### WOOLSEY *v.* MIMMS *et al.*

WYATT, Justice. The suit in the instant case is against two defendants for breach of contract. It is alleged that the defendant Woolsey breached his contract with the plaintiffs, in that he failed to construct a house according to plans and specifications drawn up by the defendant Cuttino, and that he refused to complete the house. It is alleged that Cuttino breached his contract with the plaintiffs, in that he failed to properly supervise the construction of the house as he was obligated to do under the contract between the plaintiffs and this defendant, and that the plans for the house were not properly drawn up. The allegations relied upon to bring this case within the jurisdiction of this court are: that the accounts between "plaintiffs and each defendant hereto, are complicated and intricate, and would render a trial difficult, expensive, and unsatisfactory at law"; and that equitable relief is necessary to avoid a multiplicity of suits. The prayers of the petition are for a stated money judgment against the defendants. Incidental thereto is a prayer for an accounting. The mere fact that an accounting is prayed for is not sufficient to give this court jurisdiction. There must be facts pleaded showing why adequate relief can not be had at law. See, in this connection, *Martin* v. *Home Owners Loan Corp.,* 198 *Ga.* 288 (31 S. E. 2d, 407), and cases there cited; *Goodwyn* v. *Roop,* 181 *Ga.* 327 (182 S. E. 4); *Regents of the University System of Georgia* v. *Carroll,* 203 *Ga.* 292 (46 S. E. 2d, 496). The allegation to the effect that equitable relief is necessary to avoid a multiplicity of suits is merely a conclusion of the pleader without allegations to support it. It is apparent from the averments of the petition that the principle of multiplicity of suits is not involved. Therefore, the suit not being one in equity or otherwise one within the jurisdiction of this court, the case must be

*Transferred to the Court of Appeals. All the Justices concur.*

No. 17958. ARGUED SEPTEMBER 9, 1952—DECIDED OCTOBER 14, 1952.

*Francis Y. Fife, John R. Burress* and *Woodrow W. Tucker,* for plaintiff in error.

*McKenzie & Kaler,* contra.