18657. CAREY *v.* HABERSHAM HARDWARE & DISTRIBUTING COMPANY *et al.*

WYATT, Presiding Justice. Habersham Hardware & Distributing Company brought suit on an account against John F. Carey. The suit sought to recover for materials furnished to Carey to be used in improving property belonging to J. J. Arrendale. The defendant answered, alleging that the account was made for the Arrendale job; that the items charged to him were furnished for the Arrendale job; and that the plaintiff knew at the time the materials were furnished that they were to be used in improving realty belonging to J. J. Arrendale; that Arrendale and not this defendant was liable for the account. Carey prayed that Arrendale be made a party defendant to avoid a multiplicity of suits; that judgment be rendered against Arrendale for the amount sued for; and that Carey be dismissed as a party. Arrendale appeared and objected to being made a party defendant, and after a hearing, the application to make Arrendale a party was denied. Thereafter, counsel for the defendant moved for a continuance on the ground that the jury had heard the evidence as to the making of parties, and that the order of the court on that question was tantamount to the direction of a verdict against the defendant. The motion for continuance was denied. The case proceeded to trial, and the jury returned a verdict in favor of the plaintiff in the court below for the amount sued for. On June 20, 1951, defendant in the court below filed his motion for new trial. On June 23, 1951, the defendant presented his exceptions pendente lite to the judge, complaining of the refusal to make Arrendale a party and denying the motion for continuance. The motion for new trial was denied May 1, 1954. The exceptions here are on the exceptions pendente lite and on the denial of the motion for new trial. *Held:*

The first question presented by the record in the instant case is whether or not this court has jurisdiction of the bill of exceptions. The instant case was apparently brought to this court upon the theory that the application to make Arrendale a party defendant on the ground that to do so would avoid a multiplicity of suits made the suit an equitable one. We do not agree with this conclusion. In order to present an equitable suit upon the ground that equitable relief is necessary to avoid a multiplicity of suits, the allegations of the pleadings must show that such relief is necessary. *Woolsey* v. *Mimms,* 209 *Ga.* 360 (72 S. E. 2d 706). The instant case is simply a suit on an account, a law case, in which the defendant seeks to vouch in a third party. This can be done at law as well as in equity, and no equitable relief is required. Code § 3-404. The allegation that a multiplicity of suits will be avoided is merely a conclusion of the pleader, and the pleadings show that this principle is not involved in the case. It follows, the Court of Appeals and not this court has jurisdiction of this bill of exceptions.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED JULY 12, 1954—DECIDED SEPTEMBER 13, 1954.

*J. B. G. Logan, R. C. Scott,* for plaintiff in error.
*Herbert B. Kimzey, Kimzey & Kimzey,* contra.