## 19456. McDONOUGH CONSTRUCTION COMPANY OF GEORGIA v. ORMEWOOD APARTMENTS, INC.

HEAD, Justice. In the present case the plaintiff seeks to recover damages for an alleged breach of contract. It is asserted that a court of equity should take jurisdiction to enjoin an action brought by the defendant in the Civil Court of Fulton County to recover an amount alleged to be due by the plaintiff on the contract. The plaintiff alleges that, in order to avoid a multiplicity of actions "and for the reason that plaintiff's damages involve intricate accounting," an auditor should be appointed, and that such equitable relief is not obtainable in the Civil Court of Fulton County. *Held:*

1. The act of 1946 (Ga. L. 1946, pp. 287, 289) provides that the Civil Court of Fulton County shall have concurrent jurisdiction with the superior court, except in cases involving injuries to the person or the reputation and in those cases where jurisdiction is vested in the superior court by the Constitution. If required, an auditor can, therefore, be appointed under Code § 10-102, and an accounting had at law. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538); *Goodwyn* v. *Roop,* 181 *Ga.* 327 (182 S. E. 4); *Henderson* v. *Curtis,* 185 *Ga.* 390, 392 (195 S. E. 152); *Peeples* v. *Peeples,* 193 *Ga.* 358 (2) (18 S. E. 2d 629); *Walker Electrical Co.* v. *Walton,* 203 *Ga.* 246, 254 (46 S. E. 2d 184). After alleging that its damages "involve intricate accounting," the plaintiff filed an amendment setting out in detail the items alleged to constitute its damages. There are no allegations to show that the damages claimed can not be proved before a jury as readily as at a hearing before an auditor. *Universal Garage Co.* v. *Fowler,* 184 *Ga.* 604 (192 S. E. 299).

2. An allegation that equitable relief is necessary in order to avoid a multiplicity of actions is merely a conclusion of the pleader without allegations to support it. *Woolsey* v. *Mimms,* 209 *Ga.* 360 (72 S. E. 2d 706); *Carey* v. *Habersham Hardware &c. Co.,* 211 *Ga.* 19 (83 S. E. 2d 585). In the present case it is not shown that any person other than the plaintiff and the defendant has any interest, legal or equitable, in the matters in dispute, and no facts are alleged to show that all issues between the parties cannot be determined in the Civil Court of Fulton County. The principle that equity will enjoin a pending action to avoid a multiplicity of suits is not involved. *City of Atlanta* v. *Aycock,* 205 *Ga.* 441, 442 (4) (53 S. E. 2d 744).

3. The petition failed to state any cause for intervention by a court of equity, and it was error to overrule the general demurrer thereto.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*

SUBMITTED SEPTEMBER 11, 1956—DECIDED OCTOBER 9, 1956.

*William G. Grant, James C. Grizzard, Robert W. Spears,* for plaintiff in error.

*Moreton Rolleston, Jr.,* contra.