20709. DOROUGH, by Next Friend *v.* PETTUS *et al.*

WYATT, Presiding Justice. Petitioner in the instant case is the minor child of Jonah T. Dorough, who died intestate on February 2, 1955. Prior to the death of Jonah T. Dorough, he and the mother of the petitioner were divorced. Jonah T. Dorough then married Ethel Stallings Dorough, who has since the death of Jonah T. Dorough, remarried. She and her present husband are the defendants in this case. The petitioner has at all times lived with her natural mother, who has likewise remarried. In this petition, the petitioner seeks to have an accounting of all the rents and profits and proceeds of certain property set aside as a year's support out of the estate of Jonah T. Dorough for the support of the widow and minor children of the deceased, and to recover her share of the proceeds from the year's support, and for other relief. A general demurrer to the petition was sustained. The exception here is to this judgment. *Held:*

It is the duty of this court to raise the question of its jurisdiction in any case in which there may be any doubt as to its jurisdiction. *Stephenson* v. *Futch,* 213 *Ga.* 247 (98 S. E. 2d 374). If the instant case is one within the jurisdiction of this court, it must be because it is an equity case within the meaning of Code § 2-3704, since no other possible reason appears which would give this court jurisdiction. We therefore examine the petition and prayers to determine whether this case is an "equity case." First, the fact that an accounting is sought does not make this an "equity case," since it does not appear that an accounting at law will not be as complete and effective as one in equity. *Martin* v. *Home Owners Loan Corp.,* 198 *Ga.* 288 (31 S. E. 2d 407). The second reason, and perhaps the real reason, why this case was brought to this court is because of the prayers in the petition which seek to restrain and enjoin the defendants from excluding the petitioner from participating in the benefits from the year's support and to enjoin the defendants from receiving more than one-half of the income from the year's support and to require them to pay one-half of the proceeds to petitioner. The allegations of the petition, however, seek only to make out a case for an accounting and the recovery of a money judgment. "If the averments of the petition do not make a case in equity, prayers for equitable relief would not make the case one in

equity." *Williams* v. *Aycock*, 180 *Ga.* 570 (179 S. E. 770). See also, *Hollinshed* v. *Shadrick*, 212 *Ga.* 624 (94 S. E. 2d 705); and *Alderman* v. *Crenshaw*, 208 *Ga.* 71 (65 S. E. 2d 178). It therefore appears that the instant case is not an "equity case," and since no other reason appears why this court has jurisdiction, the case must be

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960.

*Ernest C. Britton,* for plaintiff in error.
*Paul Blanchard,* contra.

*Transferred to the Court of Appeals. All the Justices concur.*