38208. DOROUGH, by Next Friend v. PETTUS et al.

Decided June 8, 1960.

*Ernest C. Britton,* for plaintiff in error.

*Paul Blanchard,* contra.

BELL, Judge. This is a petition by LuRie Dorough, age 16, to assert her rights under a year's support award made to her stepmother and the minor children of her deceased father, one of whom is the plaintiff. After the death of her natural father, the year's support was set apart and awarded to his widow, this plaintiff's stepmother, and his only minor children, and it is on the rights accruing to her under this award that this minor child asks relief. The petition, designated as one in equity and for an accounting, was demurred to and the general demurrers were sustained. To this order sustaining the demurrers exceptions were taken and the matter was brought as one involving a suit in equity to the Supreme Court of the State of Georgia. *Dorough* v. *Pettus,* 215 *Ga.* 649 (112 S. E. 2d 592). The Supreme Court in considering the case held that it was not an equity matter within the meaning of Code § 2-3704, and the case was then transferred to this court. Since the Supreme Court of the State of Georgia has held that this case is not an equity case within the meaning of Code § 2-3704, the petition, when considered by this court, must be evaluated only from the standpoint of those allegations which are relevant to a legal cause of action, and it is incumbent upon this court in ruling on the general demurrers to determine only whether the petition states a cause of action at law.

Stripping the petition of all purely equitable elements, we find that the year's support included in its award the defendant stepmother and the plaintiff herein. We further find the petition to show that the plaintiff has received no support from the property awarded for the year's support, and that she is in dire need of its benefits. The plaintiff has demanded her share but it has been refused her. Her stepmother, the defendant, is living with her latest husband on the premises allocated to be used for the year's support, and portions of it are rented and producing income. The plaintiff alleges that an accounting is requested and the recovery of a money judgment.

This court and the Supreme Court of this State have from earliest times provided for an accounting in a legal action in

cases where such a legal accounting would be sufficient. *Fowler v. Davis,* 120 *Ga.* 442, 445 (47 S. E. 951). The allegations of the petition here clearly indicate that any accounting necessary would not be intricate or complex and would come clearly in the sphere of a proper legal accounting. The Supreme Court of the State of Georgia in this case stated in *Dorough v. Pettus,* 215 *Ga.* 649, supra: "It does not appear that an accounting at law will not be as complete and effective as one in equity." The Supreme Court further states in commenting upon this case; "The allegations of the petition, however, seek only to make out a case for an accounting and the recovery of a money judgment." It seems clear then that the relief requested by the plaintiff is one which is clearly within the purview of the legal remedies granted by the State of Georgia. If an accounting is required, an auditor may be appointed under Code § 10-102 and an accounting had at law. See *McDonough Construction Co. v. Ormewood Apts.,* 212 *Ga.* 620 (94 S. E. 2d 733).

Although the plaintiff here asserting her right to an interest in the year's support awarded from her father's estate, is not living and has not lived with her stepmother, the defendant, the petition shows that the plaintiff lived with her natural mother. It cannot be said as a matter of law that a girl from the age of 13-16 who resides with her natural mother and not with her stepmother and her recently acquired husband, has abandoned or in any way prejudiced her rights to the help granted her by the year's support when awarded. The principles stated in *Miller v. Ennis,* 107 *Ga.* 663 (34 S. E. 302); *Howard v. Pope,* 109 *Ga.* 259 (1) (34 S. E. 301) and *Dowdy v. Dowdy,* 187 *Ga.* 26 (199 S. E. 191) do not foreclose the right of the plaintiff in this case to recover under the allegations of the petition. The mere fact that the plaintiff resides with her natural mother would not deprive her of her interest in the year's support income. Under the facts alleged it would seem that the plaintiff would be entitled to a judgment for the proportion of the net income from the property that her needs bear to the needs of the widow. It would also seem that the rental value of the premises occupied by the widow as a dwelling should not be computed in the gross income in the computation of net income.

Under the facts alleged the apportioning of the net income is not left to the uncontrolled will and discretion of the wife of the deceased as it is ordinarily when the widow and children reside together.

It is clear that the petition states a cause of action at law against the defendant Mrs. Ethel Dorough Pettus, and therefore the order sustaining the general demurrer as to her is hereby reversed.

J. B. Pettus, the husband of Mrs. Ethel Dorough Pettus, was made a party defendant to this action. He asserted his general demurrer alleging that the petition sets forth no cause of action either in law or in equity against him. The allegations of the petition little more than make this defendant, J. B. Pettus, a party to the action for the reason that he is the husband of the principal defendant. Inasmuch as he has no rights in the year's support award and no responsibility owed to the plaintiff, no cause of action is stated against this defendant and the order sustaining his general demurrer is affirmed. The order sustaining the general demurrer of the defendant Mrs. Ethel Dorough Pettus is reversed.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Nichols, J., concur.*