21468. FULLER, Executrix v. FULLER *et al.*, for use, etc.

Argued January 8, 1962—Decided March 8, 1962.

*J. Willard Register, Hatcher, Smith, Stubbs & Rothschild,* for plaintiff in error.

*E. B. Cartledge, Jr., John D. Cartledge,* contra.

Grice, Justice. Was the petition, seeking equitable relief and monetary damages for breach of a contract to will property, subject to the demurrers lodged against it? This question arises from a suit by L. A. Fuller and Mrs. Cogee Hunnicutt Fuller, for the use and benefit of their four named children, filed in the Superior Court of Muscogee County against Mrs. Ella Mae

Fuller, as executrix of the last will and testament of Ernest C. Fuller, deceased.

The petition alleged that, in November, 1920, the plaintiff parents entered into an oral contract with the defendant's testator whereby the parents promised, during the testator's lifetime, to take him into their home and provide him with food and a place to live as a member of their family. In consideration of this the testator promised that he would by his last will and testament devise and bequeath to the parents' children the entire property owned by him at his death. The plaintiffs alleged that they fully performed their obligations under this contract, but that the testator married the defendant and then breached such contract on May 27, 1961, when he died leaving a will giving the defendant all of his property, valued in excess of one hundred thousand dollars.

The petition further alleged that the defendant qualified as executrix of this will on June 12, 1961, upon its probate in solemn form; that the will relieved the executrix from bond, inventory, appraisal, or returns, and gave her power to sell any part of the estate at private sale to such purchaser and at such price as she deemed proper and to make conveyances to the purchaser; that, as a result of the defendant executrix being thus relieved and empowered, plaintiffs were without an adequate remedy at law since the measure of their damages for breach of the testamentary agreement could not be ascertained unless the defendant provided an inventory, appraisal, and returns; that, unless these were provided, plaintiffs would suffer irreparable damage and would have to file a multiplicity of suits; and that, therefore, it was necessary to enjoin the defendant executrix in the particulars hereinafter set forth.

The petition prayed that the defendant be temporarily and permanently enjoined from continuing to serve as executrix unless she provided bond, inventory, appraisal, and returns to the court of ordinary; that she be enjoined from selling any part of the estate at private sale without order of court and from distributing the property to herself as sole legatee. The plaintiffs also prayed that they have judgment against the defendant executrix for the value of the property promised to be willed to

their children, viz., all property owned by him at his death, less taxes, expenses, debts, dower, and year's support, with accrued interest, and for general relief.

The defendant executrix demurrered to the petition, the grounds now insisted upon being (1) that the petition failed to set forth a cause of action; (2) that the plaintiffs had an ample and adequate remedy at law; (3) that no grounds for equitable relief were set forth in the petition; (4) that it affirmatively appeared that the Court of Ordinary of Muscogee County had acquired jurisdiction of this estate and the allegations failed to show cause why equity should interfere; and (5) that the suit was premature in that it affirmatively appeared that it was filed within twelve months from the date of qualification of the defendant as executrix.

All of these demurrers were overruled and error is assigned thereon.

This review involves two issues. One is whether the petition alleged facts authorizing injunctive relief while the administration of this estate was still pending in the court of ordinary. The other is whether the portion of the petition seeking recovery of damages for breach of the testamentary agreement was premature because the suit was filed within twelve months from the qualification of the executrix.

1. In considering the equitable feature, the starting point is *Code* § 37-403. It admonishes that "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." This provision requires a determination of whether these plaintiffs, persons interested in the estate because they are parties to a testamentary agreement, made sufficient allegations as to "danger of loss or other injury to [their] interests."

The circumstances relied upon for the injunctive relief sought appear in paragraph 21 of the petition. After stating that they "have no desire to interfere with the regular administration" of this estate, the plaintiffs alleged that, as a result of the de-

fendant executrix being relieved from requirements as to bond, inventory, appraisal, and returns, and being authorized to make private sales without order of court or advertisement, they "are without an adequate remedy at law in that [their] measure of damages suffered cannot be ascertained unless an inventory, appraisements and returns are made and filed by said defendant as required by law in the administration of said estate, will suffer irreparable damages and large property losses, and will have to file a multiplicity of suits," unless the defendant is enjoined in certain stated particulars. These were: from serving as executrix without giving bond, from serving as executrix without making inventory, appraisement, and returns to the court of ordinary, from selling property at private sale, and from distributing any part of the estate to herself, as sole legatee.

Surveying these allegations, we note that significantly absent are any charges of insolvency, fraud, waste, or mismanagement by the defendant, or indeed of any act by her except qualifying as executrix. The petition is silent as to any allegations that the plaintiffs have submitted their claim to her for payment, or for any purpose; that the plaintiffs have even asked her for any information as to the estate, or that she has failed or refused to provide such information. The petition stands mute as to any allegations that the executrix had threatened or was about to make any sales, pay any debts, claim year's support or dower, make any distribution, or that she intended to do anything.

(a) At most, the allegations amount to mere apprehension of injury, which this court has repeatedly held insufficient as a basis for injunction. For example, in *Elam v. Elam*, 72 Ga. 162, 163, where insolvency of the executrix *was* alleged, the petition was held insufficient for injunction. The court ruled:

"1. There is no equity in the bill, because there is no allegation as to any waste or mismanagement upon the part of the executrix. She has done nothing, nor is it alleged that she is attempting to do anything, by which the complainants' interests are liable to injury. She may be insolvent, yet this does not constitute any equitable ground for relief, as her condition as to solvency or insolvency is the same now as it was when she was appointed and qualified as executrix.

"2. A fear on the part of complainants, that if defendant should sell the property and pocket the proceeds, they would be unable to realize anything upon their claims against the estate which she represents, is a naked allegation; it must be shown clearly upon what grounds such fear rests.

"3. The fact that they cannot bring suit until twelve months shall have elapsed from the grant of letters testamentary to defendant, is no fault of the defendant, but is a condition imposed by the law on all persons."

See also *Randall v. Sims,* 194 Ga. 756 (2) (22 SE2d 505); *Astin v. Carden,* 194 Ga. 758, 766-767 (22 SE2d 481); *Mayor &c. of Athens v. Co-Op Cab Co.,* 207 Ga. 505 (2) (62 SE2d 906); *Reeves v. DuVal,* 214 Ga. 630 (2) (106 SE2d 797).

(b) The plaintiffs have not shown that the remedies available in the court of ordinary afford inadequate protection so as to authorize assumption of jurisdiction by equity, under the rule stated in such cases as *Hamrick v. Hamrick,* 206 Ga. 564 (58 SE2d 145). The plaintiffs occupy the status and possess the rights of creditors of the estate and, accordingly, have full access to the statutes enacted for the protection of creditors in the administration of estates in the court of ordinary.

As to bond, *Code* § 113-1216 provides that the ordinary may require it upon his own motion "or upon the representation of any person in interest that an executor is mismanaging the estate . . ." The mere absence of bond is insufficient to show danger of loss or other injury authorizing equity to assume jurisdiction. *Taylor v. Taylor,* 205 Ga. 483, 486 (53 SE2d 769). See also *Gould v. Glass,* 120 Ga. 50 (6), 60 (47 SE 505).

As to inventory, appraisal and returns, *Code* § 113-1414 provides: "A testator may by will dispense with the necessity of his executor's making inventory or returns, provided the same does not work any injury to creditors or third persons, other than legatees under the will." Thus, upon a proper showing made, inventory, with appraisal and returns, could be had.

Among other provisions available for the protection of creditors in the administration of estates in the court of ordinary is *Code* § 113-1229, which declares: "Whenever the ordinary

knows, or is informed by any person having any interest in the estate, that the administrator wastes or in any manner mismanages the estate, or that he or his sureties are likely to become insolvent, or that he refuses or fails to make returns as required by law, or that for any reason he is unfit for the trust reposed in him, he shall cite such administrator to answer to such charge at some regular term of the court, and upon the hearing of his return the ordinary may, in his discretion, revoke the letters of administration, or require additional security, or pass such other order as in his judgment is expedient under the circumstances of each case." *Code* § 113-1101 makes this applicable to executors.

In so far as this record discloses, no application has been made to the court of ordinary for any action.

For any information needed to specify the value of the net estate as a measure of damages, plaintiffs may resort to the interrogatory and deposition procedure, including discovery, provided by *Code Ann.* § 38-2101 et seq. Also an accounting at law may be had to ascertain the amount of their claim. *Burress v. Montgomery*, 148 Ga. 548 (3) (97 SE 538); *Arthur Tufts Co. v. DeJarnette Supply Co.*, 158 Ga. 85 (123 SE 16).

The petition does not allege any other contention as to inadequacy of legal remedy. Having considered the allegations which are made, we conclude they do not show that the legal remedies are inadequate.

(c) The remaining ground relied upon for equitable relief, avoidance of multiplicity of suits, is a mere conclusion, unsupported by facts, and, therefore, without merit.

In view of the foregoing, to grant the equitable relief sought would be to "interfere with the regular administration" of an estate contrary to *Code* § 37-402. If, under the circumstances alleged here, the superior court enjoined this executrix in matters such as giving bond, making inventory, procuring an appraisal, filing returns, and prohibiting private sales without court order, that court would be taking over functions which, under our court system, are committed to the court of ordinary.

The petition failed to allege facts to warrant the injunctive relief sought.

2. We come now to the second issue, the effect of the twelve months exemption from suit on debts upon the portion of the petition seeking damages for breach of the testamentary agreement. This exemption, embodied in *Code* § 113-1526, declares that "No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of 12 months from his qualification." This section is made applicable to executors by *Code* § 113-1101.

The defendant executrix, by her demurrer, urges that the portion of the petition relating to damages is premature since letters testamentary were issued to her on June 12, 1961, and the instant suit was filed on August 9, 1961. The plaintiffs, on the other hand, contend, first, that the exemption is not applicable to this situation; and, second, that, even so, it was not properly urged here.

(a) The claim set forth in plaintiffs' petition is such a debt as is contemplated by *Code* § 113-1526. The cause of action is on contract, the breach of an agreement to will property, and the petition alleging it contains a prayer for a monetary judgment for the net value of the property promised to be willed. The fact that the exact value of this property is not now known and thus cannot be alleged, beyond the allegation that the estate exceeds $100,000, does not make the claim any less a debt. *Code* § 113-1526 has been held applicable in situations where the amount sought to be recovered was not alleged and was dependent upon an accounting prayed for. *Terry v. Fickett,* 199 Ga. 30 (2) (33 SE2d 163); *Sutton v. McMillan,* 213 Ga. 90 (1) (97 SE2d 139).

This exemption is not made inapplicable because the petition sought injunctive relief in addition to a monetary judgment. The presence of this equitable feature does not insulate the debt feature from *Code* § 113-1526. A comparable situation existed in *Butler v. Floyd,* 184 Ga. 447 (191 SE 460). There, the plaintiff, assignee of a life insurance policy from the defendant administratrix's intestate, sought both an injunction against disposal or distribution of the estate and a judgment for $290, the amount of the policy. It appeared from the petition that the suit was filed within the twelve months period. This court

ruled that *Code* § 113-1526 "has no application to a suit for injunction; but it does apply to a suit to recover on a debt against an administrator in his representative capacity, and to establish and fasten such liability against the estate [citations]," and "In so far as the petition sought the extraordinary remedy of injunction, the dismissal for the reason stated [adequate remedy was available] was proper. In so far as it sought a [monetary] judgment against the estate, the petition being premature, its dismissal for this additional reason was proper."

This rule as to applicability of the exemption to the debt feature of a petition, despite its inapplicability to the injunctive portion, is also exemplified in such cases as *Terry v. Fickett*, 199 Ga. 30, supra, and *Sutton v. McMillan*, 213 Ga. 90, supra.

(b) We also hold that the demurrer effectively pleaded the executrix's exemption from suit for debt under *Code* § 113-1526. In addition to demurring generally that the petition failed to allege a cause of action, she demurred "generally to the petition of the plaintiffs for the reason that said suit is premature in that it affirmatively appears from the allegations of said petition that this action was filed within twelve (12) months from the date of qualification of the defendant as executrix of the last will of Ernest C. Fuller, deceased."

The parties differ over whether this demurrer is general or special. The plaintiffs contend that the defendant sought to avail herself of this exemption by general demurrer, whereas she should have done so by special demurrer or by dilatory plea. The label is not determinative. What is decisive is that the demurrer clearly and definitely pointed out the defect in the petition, prematurity because of *Code* § 113-1526. Furthermore, the scope of the demurrer was limited to that defect.

In division 1 we held that the equitable feature of the petition failed and was therefore subject to the demurrers attacking that portion of the relief sought, thus leaving only the debt feature. The latter was subject to this demurrer pointing out prematurity because of the twelve months exemption. *Pinkussohn v. Rehm*, 175 Ga. 475 (165 SE 222), is distinguishable be-

cause there a portion of the petition did allege an equitable cause of action.

In view of the foregoing, the petition failed to allege a cause of action either for injunctive or monetary relief, and the trial court erred in overruling the demurrers.

*Judgment reversed. All the Justices concur.*