22236, 22237.   KIMSEY, Executor, et al. v. CAUDELL, Administrator; and vice versa.

SUBMITTED NOVEMBER 12, 1963—DECIDED NOVEMBER 19, 1963.

*Scott & Bouwsma,* for plaintiffs in error.
*Kimzey & Kimzey, Herbert B. Kimzey,* contra.

ALMAND, Justice.   J. E. Caudell, as administrator with the will annexed of Mattie Scoggins, deceased, filed his petition against the executors and trustees of the estate of M. O. Scoggins, deceased, and the guardian of Ruby Scoggins, deceased. The petition alleged that the defendants have in their possession money of the value of $4,000, or more, belonging to the estate of Mattie Scoggins, deceased, and subject to administration by the plaintiff.   It was alleged that the plaintiff did not know the exact amount of money in the hands of the defendants.   The prayers were for process, judgment for $4,000 or such other sum as might be found in an accounting, and that the defendants be required to account to the plaintiff for all money, property, and other assets in their possession belonging to Mattie Scoggins at her death or belonging to her estate.

The defendants filed their answer in which no equitable relief was prayed.   The guardian of Ruby Scoggins, deceased, filed a plea to the jurisdiction on the ground that he was not a resident of Habersham County but a resident of Jackson County.

When the case came on for trial, by agreement of counsel for all the parties, it was submitted to the trial judge for a final judgment upon all issues of fact and law.   The parties stipulated, and the trial court found as a matter of fact, that the trustees of the M. O. Scoggins estate and Paul T. Scoggins, guardian of the estate of Ruby Scoggins, deceased, had in their possession a specified sum of money which belonged to the estate of Mattie Scoggins, represented by the plaintiff, and rendered a judgment in favor of the plaintiff against the executors and trustees of the

M. O. Scoggins estate and sustained the plea to the jurisdiction of Paul T. Scoggins, guardian of the estate of Ruby Scoggins, deceased.

The main bill of exceptions asserts that this court has jurisdiction of the writ of error because the case is a proceeding for an accounting. The cross bill of exceptions assigns error only on the judgment sustaining the plea of Paul T. Scoggins, guardian of the estate of Ruby Scoggins, deceased.

In the recital of facts above the plaintiff discloses that this case involves a simple question of which party is entitled to a specified sum of money. Since it is not an equity case the Court of Appeals, and not this court, has jurisdiction to review the judgment complained of. See *Manry v. Hendricks*, 192 Ga. 319 (15 SE2d 434); *Regents of the University System v. Carroll*, 203 Ga. 292 (46 SE2d 496); *Woolsey v. Mimms*, 209 Ga. 360 (72 SE2d 706); *Gay v. Lewis*, 215 Ga. 317 (109 SE2d 646). Therefore, the case must be

*Transferred to the Court of Appeals. All the Justices concur.*