## A11A0401. IN RE ESTATE OF ISAAC WILLIS.
(713 SE2d 464)

DILLARD, Judge.

New Falls Corporation ("New Falls") appeals the Probate Court of Fulton County's denial of its petition to require the executors of the estate of Isaac Willis to file an inventory and returns pursuant to OCGA §§ 53-7-33 and 53-7-69. New Falls argues that the probate court erred by denying this petition because it made an adequate showing of injury, such that the probate court should require the filing of an inventory by the estate. For the reasons set forth infra, we affirm the probate court's denial of New Falls's petition.

The record shows that prior to the death of Isaac Willis, New Falls filed suit in the State Court of Fulton County in March 2005 to collect on promissory notes issued to Willis by Wachovia Bank, which were later assigned to New Falls. The original principal amounts of the promissory notes, issued in 2001 and 2002, were $300,000, $150,000, and $500,000, respectively. After Willis allegedly defaulted on these notes, New Falls filed suit to recover the principal amount owed on each note, plus interest and attorney fees.

Willis died on August 7, 2007, while the litigation on the promissory notes was still pending. His sons, who were the named executors of his estate, petitioned to have their father's will probated in solemn form. The will, dated November 29, 1999, included a provision relieving the estate's executors from the duty "to make or file any reports, annual or other returns, or inventory, inventories or appraisals . . . to any court."

Thereafter, New Falls substituted the estate's executors as parties in the State Court lawsuit against Willis, and at this point, the executors' counsel indicated to New Falls that the estate did not have sufficient assets to pay the entirety of the alleged debt. New Falls then sought verification of this claim and received "[unsworn and unverified] information concerning the assets and other debts of the estate," but claims that this information was "insufficient" to allow it to properly evaluate the estate's settlement proposal. Accordingly, New Falls filed a petition with the probate court in January 2010, requesting that the court direct the executors to file an inventory and return.

The probate court denied New Falls's petition in March 2010, holding that it failed to make a "proper showing that would cause the probate court to require [the executors] to file inventory and

returns." This appeal by New Falls follows.

At the outset, we note that Georgia law requires executors to file inventories of a decedent's property and annual returns.[1] Nevertheless, a testator may, by will, dispense with these requirements, "provided the same does not work any injury to creditors or persons other than beneficiaries under the will."[2] As a creditor of Isaac Willis, New Falls claims that his will's dispensation of these requirements will work an injury, and as such, the probate court should have required the executors to file inventories and returns to assist its settlement evaluations. Specifically, New Falls claims that (1) it requires the information to properly negotiate a settlement with the estate and (2) obtaining the information through post-judgment discovery would further deplete the estate's (allegedly) limited resources.

In making this argument, New Falls relies on OCGA §§ 53-7-33 and 53-7-69, neither of which provides for a cause of action.[3] The function of the sentences at issue in these two statutory provisions is simply to note that the testator's ability to dispense with filing requirements does not make the executor unaccountable when a creditor or nonbeneficiary will be injured by the executor's exemption from filing inventories or annual returns.[4] Further, New Falls has not even alleged that it has suffered an injury.[5] Instead, New

---

[1] *See* OCGA § 53-7-30 (requiring personal representatives to "prepare an inventory of all the property of the decedent"); OCGA § 53-7-67 (a) (requiring personal representative to "make annual returns" and "file with the probate court a true and just verified accounting of the receipts and expenditures in behalf of the estate . . . with a note or memorandum of any other fact necessary to the exhibition of the true condition of the estate").

[2] OCGA § 53-7-33 (allowing testator to dispense with necessity of filing an inventory); OCGA § 53-7-69 (allowing testator to dispense with necessity of filing an annual return).

[3] *Cf. Waters v. Glynn County*, 237 Ga. App. 438, 440 (3) (514 SE2d 680) (1999) (holding that OCGA § 13-6-11 "does not state a cause of action, but merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages" (citation and punctuation omitted)). *Compare* OCGA § 53-7-55 (providing for the revocation of letters of personal representative or other sanctions "[u]pon the petition of any person having an interest in the estate or whenever it appears to the probate court that good cause may exist" for same).

[4] *See Cannon v. Bangs*, 269 Ga. 671, 672 (502 SE2d 224) (1998) ("[W]hile a testator may by will dispense with any necessity for the executor to make inventory or returns provided that there is no injury to creditors or third persons, such a will provision does not render the executor unaccountable in court in a proceeding by a party with the right to seek an accounting and settlement."); *Salter v. Salter*, 209 Ga. 90, 97 (3) (70 SE2d 453) (1952) ("While it is true that the will relieved the executor from making an inventory or accounting to the [probate court], this does not mean that the executor is unaccountable in any court at the insistence of a legatee or someone interested in the estate." (citation omitted)); *Chapalas v. Papachristos*, 185 Ga. 544, 547-48 (195 SE 737) (1938) ("[W]e cannot think that the testator, in relieving the executor from the duty of making returns, intended also to make him unanswerable in any court on the question of settlement; and if he is subject to the jurisdiction of any court on that question, there is no reason to say that he is not amenable to the [probate court].").

[5] *Cf. Fuller v. Fuller*, 217 Ga. 691, 694 (1) (a) (124 SE2d 741) (1962) (holding that

Falls has alleged only the *potential* for injury, which is not enough to compel an accounting.[6] Thus, New Falls must obtain (or should have obtained) the information it seeks through normal discovery or other available means.[7]

Accordingly, for the foregoing reasons, we affirm the probate court's denial of New Falls's petition.[8]

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 30, 2011.

*Jones & Walden, Louis P. Owens III*, for appellant.
*Dovin, Malkin & Ficken, Edward J. Dovin, Allison H. Ficken*, for appellee.

allegations that amounted to mere apprehension of injury were insufficient to form the basis for an injunction); *Elam v. Elam*, 72 Ga. 162, 162 (2) (1883) ("A fear on the part of complainants, that if defendant should sell the property and pocket the proceeds, they would be unable to realize anything upon their claims against the estate which she represents, is a naked allegation; it must be shown clearly upon what grounds such fear rests.").

[6] *Compare Cannon*, 269 Ga. at 673 (allegations of fraud and mismanagement by executor sufficient to compel an accounting), *with Marshall v. Marshall*, 268 Ga. 687, 689-90 (3) (492 SE2d 188) (1997) (allegations of suspected mismanagement, without specificity, were insufficient); *Fuller*, 217 Ga. at 694 (1) (a) (allegations of potential harm were insufficient); *Elam*, 72 Ga. at 162 (1), (2) (same). *See also Benefield v. Martin*, 276 Ga. App. 130, 132 (622 SE2d 469) (2005); *Dorough v. Pettus*, 215 Ga. 649, 649 (112 SE2d 592) (1960); *Dorough v. Pettus*, 101 Ga. App. 797, 800-01 (115 SE2d 440) (1960); *Hoffman v. Chester*, 204 Ga. 296, 305-06 (49 SE2d 760) (1948).

[7] *See* OCGA §§ 9-11-26 to -37 (general discovery procedures); *see also* OCGA § 9-7-3 ("In all cases in the superior, state, or city courts involving matters of account, if the case shall require it, the judge may appoint an auditor to investigate the matters of account and report the result to the court upon the application of either party and after notice to the opposite party, or upon his own motion when in his judgment the facts and circumstances of any such case require it.").

[8] New Falls also sought for remand of this case to the probate court for a hearing and the issuance of a citation; however, because New Falls has failed to state a cause of action, remand for a hearing and citation is unnecessary.